**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES DALE,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF DEFENSE,<br><br>Defendant. | No. 26 Civ. 6617 (RA) |

# ANSWER

Defendant the Department of Defense ("Defendant"), by its attorney James M. McDonald, United States Attorney for the Southern District of New York, hereby answers the complaint ("Complaint") of plaintiff James Dale ("Plaintiff") upon information and belief as follows.

## INTRODUCTION[1]

1. The allegations in paragraph 1 contain Plaintiff's characterization of this lawsuit and his June 25, 2026, Freedom of Information Act ("FOIA") request to Defendant (the "Request"), to which no response is required. To the extent a response is required, Defendant refers the Court to the Request, which is attached to the Complaint as Exhibit B, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the Request's true contents. The remaining allegations in paragraph 1 consist of Plaintiff's characterization of a February 24, 2026, memorandum of understanding between Defendant and Scouting America (the "MOU"), to which no response is required. To the extent a response is required, Defendant refers the Court to the MOU, which is attached to the

[1] Headings from the Complaint are included only for ease of reference. By including them, Defendant does not admit the accuracy of the headings.

Complaint as Exhibit A, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the MOU's true contents.

2. The allegations in paragraph 2 contain Plaintiff's characterization of the related action, *Dale v. Department of Defense*, No. 26 Civ. 5367 (RA) (S.D.N.Y.), to which no response is required. To the extent a response is required, Defendant refers the Court to the MOU, which is attached to the Complaint as Exhibit A, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the MOU's true contents.

3. The allegations in paragraph 3 consist of Plaintiff's characterization of the MOU, to which no response is required. To the extent a response is required, Defendant refers the Court to the MOU, which is attached to the Complaint as Exhibit A, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the MOU's true contents.

4. The allegations in paragraph 4, which consist of Plaintiff's opinions about the intentions of the "current administration" and Secretary Hegseth with respect to Scouting America and recitations of statements allegedly made by Secretary Hegseth, fail to state facts in support of the claims and causes of action asserted by Plaintiff.

5. The allegations in paragraph 5, which consist of Plaintiff's opinions about the intentions of Secretary Hegseth with respect to Scouting America and a recitation of a statement allegedly made by Secretary Hegseth, fail to state facts in support of the claims and causes of action asserted by Plaintiff.

6. The allegations in paragraph 6, which consist of Plaintiff's allegation of a "pressure campaign" against Scouting America and a number of "urgent questions" that allegedly arise from that campaign, fail to state facts in support of the claims and causes of action asserted by Plaintiff.

7. The allegations in paragraph 7, which consist of Plaintiff's characterization of the "constitutional significance" of the questions outlined in paragraph 6 and his allegation that he was the plaintiff in *Boy Scouts of America v. Dale*, 530 U.S. 640 (2000), fail to state facts in support of the claims and causes of action asserted by Plaintiff.

8. The allegations in paragraph 8, which consist of Plaintiff's characterization of Defendant's intentions with respect to Scouting America and his views of the legality of Defendant's alleged conduct under the First Amendment, fail to state facts in support of the claims and causes of action asserted by Plaintiff.

9. The allegations in paragraph 9, which contain Plaintiff's opinion of the importance of prompt disclosure of certain "implementation records," fail to state facts in support of the claims and causes of action asserted by Plaintiff. With respect to the remaining allegation concerning an MOU deadline, Defendant refers the Court to the MOU, which is attached to the Complaint as Exhibit A, for a complete and accurate statement of its contents, and denies the allegation to the extent it fails to reflect or accurately characterize the MOU's true contents.

10. The allegations in paragraph 10, which consist of Plaintiff's characterization of his purpose in bringing this action, fail to state facts in support of the claims and causes of action asserted by Plaintiff. To the extent a response is required, denies knowledge or information sufficient to form a belief as to the reason Plaintiff brought this suit.

## PARTIES

11. Admits that Plaintiff submitted a FOIA request to Defendant, but denies knowledge or information sufficient to form a belief as to Plaintiff's citizenship and residency.

12. The allegations in paragraph 12 fail to state facts in support of the claims and causes of action asserted by Plaintiff, and consist of Plaintiff's characterization of his activities as a writer, speaker, and public commentator. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 12.

13. The allegations in paragraph 13 fail to state facts in support of the claims and causes of action asserted by Plaintiff. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 13.

14. The allegations in paragraph 14 fail to state facts in support of the claims and causes of action asserted by Plaintiff, and consist of Plaintiff's characterization of his importance in public debate concerning Scouting America and references to commentary he has authored, which fail to state facts in support of the claims and causes of action asserted by Plaintiff. To the extent a response is required, Defendant refers the Court to that commentary, for which Plaintiff provides URLs, for a complete and accurate statement of their contents, and denies the allegations to the extent they fail to reflect or accurately characterize the commentary's true contents.

15. Denies knowledge or information sufficient to form a belief as to Plaintiff's intent in making the Request.

16. Admits that Defendant is a department of the executive branch of the United States and an "agency" within the meaning of FOIA. Denies the remaining allegation in paragraph 16, except admits that Defendant may possess records responsive to the Request.

## JURISDICTION AND VENUE

17. The allegations in paragraph 17 consist of conclusions of law regarding jurisdiction, to which no response is required.

18. Denies knowledge or information sufficient to form a belief as to Plaintiff's place of residence. The remaining allegations of paragraph 18 consist of conclusions of law as to venue, to which no response is required.

**FACTS**

19. Denies knowledge or information sufficient to form a belief as to the number of "youth members" of Scouting America.

20. The allegations in paragraph 20 include a journalist's characterization of changes in "corporate and governmental support" for Scouting America, which fails to state facts in support of the claims and causes of action asserted by Plaintiff. With respect to the remaining allegations in paragraph 20, denies knowledge or information sufficient to form a belief as to Plaintiff's experience with Scouting America, and refers the Court to the docket of *Boy Scouts of America v. Dale*, 530 U.S. 640 (2000), for a complete and accurate statement of its contents.

21. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 21.

***The Trump Administration's Fixation with Scouting America***

22. Admits.

23. The allegations in paragraph 23 consist of Plaintiff's characterization of governmental "scrutiny" of Scouting America, which fails to state facts in support of the claims and causes of action asserted by Plaintiff.

24. The allegations in paragraph 24, which consist of Plaintiff's alleged quotation from a magazine article quoting a book, fail to state facts in support of the claims and causes of action asserted by Plaintiff. To the extent a response is required, Defendant refers the Court to that article, for which Plaintiff provides a URL, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize those true contents.

25. The allegations in paragraph 25, which consist of Plaintiff's characterization of comments by Secretary Hegseth and an alleged quotation from a book he wrote, fail to state facts in support of the claims and causes of action asserted by Plaintiff. To the extent a response is required, Defendant refers the Court to that book for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize those true contents.

26. The allegations in paragraph 26, which consist of Plaintiff's characterization of comments by Secretary Hegseth and an alleged quotation from an article reporting on statements he made as a host for Fox News, fail to state facts in support of the claims and causes of action asserted by Plaintiff. To the extent a response is required, Defendant refers the Court to that article, for which Plaintiff provides a URL, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize those true contents.

27. The allegations in paragraph 27, which consist of Plaintiff's characterization of Defendant's "position" with respect to Scouting America and a quotation from an article reporting on an alleged internal memorandum from the Pentagon, fail to state facts in support of the claims and causes of action asserted by Plaintiff. To the extent a response is required, Defendant refers the Court to that article, for which Plaintiff provides a URL, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize those true contents.

28. The allegations in paragraph 28, which consist of Plaintiff's characterization of the Defendant's relationship with Scouting America and reference to a particular news article, fail to state facts in support of the claims and causes of action asserted by Plaintiff. To the extent a response is required, Defendant refers the Court to that article, for which Plaintiff provides a URL,

for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize those true contents.

29. Denies the allegations in paragraph 29, except admits that on February 27, 2026, Defendant publicly announced the MOU, and refers the Court to the MOU, which is attached to the Complaint as Exhibit A, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the MOU's true contents.

30. The allegations in paragraph 30, which consist of Plaintiff's quotations from a social media post, fail to state facts in support of the claims and causes of action asserted by Plaintiff. To the extent a response is required, Defendant refers the Court to that post, for which Plaintiff provides a URL, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the post's true contents.

31. The allegations in paragraph 31, which consist of Plaintiff's characterization of a social media post, fail to state facts in support of the claims and causes of action asserted by Plaintiff. To the extent a response is required, Defendant refers the Court to that post, for which Plaintiff provides a URL, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the post's true contents.

32. The allegations in paragraph 32, which consist of Plaintiff's characterization of and quotation from a public statement made by Scouting America's President and Chief Executive Officer, fail to state facts in support of the claims and causes of action asserted by Plaintiff. To the extent a response is required, Defendant refers the Court to that statement, for which Plaintiff provides a URL, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the statement's true contents.

33. Denies except admits that the MOU was not publicly released before Defendant produced the MOU to Plaintiff in response to a prior FOIA request.

***Plaintiff's Prior FOIA Request and Lawsuit***

34. Admits the first sentence of paragraph 34. The second sentence of paragraph 34 is a conclusion of law, to which no response is required. To the extent a response is required, denies.

35. Admits.

36. The allegations in paragraph 36, which consist of Plaintiff's reference to and quotation from a news article, fail to state facts in support of the claims and causes of action asserted by Plaintiff. To the extent a response is required, Defendant refers the Court to that article, for which Plaintiff provides a URL, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the article's true contents.

37. Admits.

38. The allegations in paragraph 38, which consist of Plaintiff's characterization of and quotation from the MOU, fail to state facts in support of the claims and causes of action asserted by Plaintiff. To the extent a response is required, Defendant refers the Court to the MOU, which is attached to the Complaint as Exhibit A, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the MOU's true contents.

39. The allegations in paragraph 39, which consist of Plaintiff's characterization of the MOU, fail to state facts in support of the claims and causes of action asserted by Plaintiff. To the extent a response is required, Defendant refers the Court to the MOU, which is attached to the Complaint as Exhibit A, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the MOU's true contents.

40. The allegations in paragraph 40, which consist of Plaintiff's quotation from the MOU, fail to state facts in support of the claims and causes of action asserted by Plaintiff. To the extent a response is required, Defendant refers the Court to the MOU, which is attached to the Complaint as Exhibit A, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the MOU's true contents.

41. The allegations in paragraph 41, which consist of Plaintiff's characterization of the MOU, fail to state facts in support of the claims and causes of action asserted by Plaintiff. To the extent a response is required, Defendant refers the Court to the MOU, which is attached to the Complaint as Exhibit A, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the MOU's true contents.

42. The allegations in paragraph 42, which consist of Plaintiff's characterization of the MOU, fail to state facts in support of the claims and causes of action asserted by Plaintiff. To the extent a response is required, Defendant refers the Court to the MOU, which is attached to the Complaint as Exhibit A, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the MOU's true contents.

43. The allegations in paragraph 43, which consist of Plaintiff's characterization of Scouting America's "operational concessions," fail to state facts in support of the claims and causes of action asserted by Plaintiff. To the extent a response is required, denies knowledge or information sufficient to form a belief as to the allegations in paragraph 43.

44. The allegations in paragraph 44, which consist of Plaintiff's characterization of a news article, fail to state facts in support of the claims and causes of action asserted by Plaintiff. To the extent a response is required, Defendant refers the Court to that article, for which Plaintiff

provides a URL, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the article's true contents.

45. The allegations in paragraph 45, which consist of Plaintiff's characterization of a news article, fail to state facts in support of the claims and causes of action asserted by Plaintiff. To the extent a response is required, Defendant refers the Court to the news article quoted by Plaintiff, for which Plaintiff provides a URL, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the article's true contents.

46. The allegations in paragraph 46, which consist of Plaintiff's characterization of and quotation from a statement reportedly made by Scouting America, fail to state facts in support of the claims and causes of action asserted by Plaintiff. To the extent a response is required, Defendant refers the Court to the news article quoted by Plaintiff, for which Plaintiff provides a URL, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the article's true contents.

47. The allegations in paragraph 47, which consist of Plaintiff's characterization of a statement reportedly made by the Pentagon, fail to state facts in support of the claims and causes of action asserted by Plaintiff. To the extent a response is required, Defendant refers the Court to the news article quoted by Plaintiff, for which Plaintiff provides a URL, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the article's true contents.

48. The allegations in paragraph 48, which consist of Plaintiff's characterization of the MOU, fail to state facts in support of the claims and causes of action asserted by Plaintiff. To the extent a response is required, Defendant refers the Court to the MOU, which is attached to the

Complaint as Exhibit A, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the MOU's true contents.

49. The allegations in paragraph 49, which consist of Plaintiff's speculation regarding the "potential coercive impact" of the MOU, fail to state facts in support of the claims and causes of action asserted by Plaintiff. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 49.

50. The allegations in paragraph 50, which consist of Plaintiff's speculation regarding the "specter of government 'jawboning,'" fail to state facts in support of the claims and causes of action asserted by Plaintiff. To the extent a response is required, Defendant denies the allegations in paragraph 50.

51. The allegations in paragraph 51, which consist of Plaintiff's characterization of the time sensitivity of his Request and quotation and characterization of uncited statements by Secretary Hegseth, fail to state facts in support of the claims and causes of action asserted by Plaintiff. To the extent a response is required, Defendant denies the allegations in paragraph 51.

***Plaintiff's Current FOIA Request***

52. Admits that Plaintiff submitted the Request on June 26, 2026; refers the Court to the Request, which is attached to the Complaint as Exhibit B, for a complete and accurate statement of its contents; and denies the allegations to the extent they fail to reflect or accurately characterize the Request's true contents.

53. Admits.

54. The allegations in paragraph 54 consist of Plaintiff's characterization of the Request. Defendant refers the Court to the Request, which is attached to the Complaint as Exhibit B, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the Request's true contents.

55. The allegations in paragraph 55 consist of Plaintiff's characterization of the Request. Defendant refers the Court to the Request, which is attached to the Complaint as Exhibit B, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the Request's true contents.

56. Admits that Plaintiff submitted a certified application for expedited processing on June 26, 2026. The remaining allegations in paragraph 56 consist of Plaintiff's characterization of that portion of his Request. Defendant refers the Court to the Request, which is attached to the Complaint as Exhibit B, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the Request's true contents.

57. The allegations in paragraph 57 consist of Plaintiff's characterization of the Request. Defendant refers the Court to the Request, which is attached to the Complaint as Exhibit B, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the Request's true contents.

58. Admits that Defendant issued an interim response on June 30, 2026 (the "Interim Response"). Defendant refers the Court to the Interim Response, which is attached to the Complaint as Exhibit C, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the Interim Response's true contents.

59. Admits that Defendant denied Plaintiff's application for expedited processing in the Interim Response. The remaining allegations in paragraph 59 consist of Plaintiff's characterization of the Interim Response. Defendant refers the Court to the Interim Response, which is attached to the Complaint as Exhibit C, for a complete and accurate statement of its

contents, and denies the allegations to the extent they fail to reflect or accurately characterize the Interim Response's true contents.

60. Denies except admits that, as of August 3, 2026, Defendant was not processing the Request on an expedited basis and had not yet produced any responsive records.

**COUNT I**
**(Violation of FOIA, 5 U.S.C. § 552(a)(3), (a)(4)(B), (a)(6)—**
**Improper Withholding of Agency Records)**

61. Paragraph 61 incorporates by reference the prior paragraphs of the Complaint, to which Defendant has responded above.

62. The allegations in paragraph 62 consist of conclusions of law to which no response is required.

63. The allegations in paragraph 63 consist of conclusions of law to which no response is required.

64. The allegations in paragraph 64 consist of conclusions of law to which no response is required.

65. The allegations in paragraph 65 contain conclusions of law to which no response is required. Defendant refers the Court to the Interim Response, which is attached to the Complaint as Exhibit C, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the Interim Response's true contents.

66. Defendant admits that it did not produce records in response to the Request by July 28, 2026. The remaining allegations in paragraph 66 contain conclusions of law to which no response is required.

67. The allegations in paragraph 67 consist of conclusions of law to which no response is required.

68. The allegations in paragraph 68 consist of conclusions of law to which no response is required.

69. The allegations in paragraph 69 consist of conclusions of law to which no response is required.

70. The allegations in paragraph 70 consist of conclusions of law and a request for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatever.

**COUNT II**
**(Violation of FOIA, 5 U.S.C. § 552(a)(6)(E)—**
**Unlawful Denial of Expedited Processing)**

71. Paragraph 71 incorporates by reference the prior paragraphs of the Complaint, to which Defendant has responded above

72. The allegations in paragraph 72 consist of conclusions of law to which no response is required.

73. Defendant refers the Court to the Request, which is attached to the Complaint as Exhibit B, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the Request's true contents.

74. The allegations in paragraph 74 contain conclusions of law to which no response is required. With respect to the remaining allegations in paragraph 74, which consist of Plaintiff's characterization of the Request, Defendant refers the Court to the Request, which is attached to the Complaint as Exhibit B, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the Request's true contents.

75. Defendant refers the Court to the Request, which is attached to the Complaint as Exhibit B, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the Request's true contents.

76. Defendant refers the Court to the Interim Response, which is attached to the Complaint as Exhibit C, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the Interim Response's true contents.

77. The allegations in paragraph 77 consist of conclusions of law to which no response is required.

78. The allegations in paragraph 78 consist of conclusions of law to which no response is required. To the extent a response is required, denies.

**PRAYER FOR RELIEF**

The remainder of the complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatever.

**DEFENSES**

For further defenses, Defendant alleges as follows:

1. Exceptional circumstances exist that necessitate additional time for Defendant to process the Request. *See* 5 U.S.C. § 552(a)(6)(C).

2. Some or all of the requested records (or portions thereof) are exempt from disclosure under 5 U.S.C. § 552(b).

3. Plaintiff is not entitled to non-exempt portions of records that are not reasonably segregable from exempt portions of records.

4. The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized by statute under FOIA, 5 U.S.C. § 552.

5. Plaintiff is not entitled to attorneys' fees and costs.

Defendant may have additional defenses which are not known at this time but may become known through further proceedings. Accordingly, Defendant reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE Defendant respectfully requests that the Court: (1) dismiss the complaint with prejudice; (2) enter judgment in favor of Defendant; and (3) grant such further relief as the Court deems just and proper.

DATE: New York, New York
September 8, 2026

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: *<u>/s/ Jacob Lillywhite</u>*
JACOB LILLYWHITE
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
(212) 637-2639
jacob.lillywhite@usdoj.gov